[Civ. No. 2829. Second Appellate District, Division One.—July 2, 1919.]

## H. R. SCHMOHL, Respondent, v. JOHN SIMPSON & COMPANY, Appellant.

[1] BUILDING CONTRACTS — ORNAMENTAL PLASTERING — WATERPROOFING —CONSTRUCTION OF CONTRACT.—A contract to furnish and install all materials and labor necessary to put in place all ornamental plaster and staff work according to plans and specifications on file must be construed as including waterproofing called for by the specifications under the head of "Ornamental Plastering," in the absence of evidence that waterproofing is not a process customarily included in the work of ornamental plastering.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

Haas & Dunnigan for Appellant.

Ferguson & Gahan for Respondent.

CONREY, P. J.—By contract between the parties the plaintiff agreed to furnish and install all material and labor necessary to put in place all ornamental plaster and staff work according to plans and specifications on file for the Southern Counties building on the exposition grounds at San Diego. Under the head of "Ornamental Plastering" in the specifications, it was provided that "the tops of all parapet walls, cornices, belt courses and the washes of all mouldings, sills, etc., shall be waterproofed with one (1) coat of Toch Brothers R. I. W., in which shall be imbedded one (1) thickness of coarse muslin and then covered with another coat of R. I. W."

By this action the plaintiff seeks to recover the sum of $653.70 as the balance claimed to be due on the contract. At the trial it was stipulated that the work described in the foregoing quotation from the specifications was not performed by the plaintiff; that if by the terms of the contract the plaintiff was obligated to do said work, then the defendant would have been indebted to the plaintiff by reason of the contract in the sum of $15.96, and that if the

plaintiff was not by reason of said contract obligated to perform said work, then the defendant was indebted to the plaintiff in the amount sued for herein. It was further stipulated that prior to the commencement of this action the defendant tendered to the plaintiff said sum of $15.96, in full settlement of the contract, and that the plaintiff refused to accept the same. These stipulations, together with the contract and specifications, constitute all of the evidence in the case. Judgment was entered in favor of the plaintiff and the defendant appeals therefrom.

[1] It is sought to justify this judgment upon the ground that there is nothing in the contract to show that the plaintiff undertook and agreed to do that part of the work in question here and which it is stipulated that he did not do. In their brief counsel for respondent assert that the putting on of the described materials is a separate trade or business and not a part of the business of putting in place ornamental plaster and staff work; and that there is nothing in the contract to show that the material was to be supplied. A sufficient reply is that there is no evidence to show that the putting on of those materials is part of any separate trade or business or not a part of the business of doing such work as that described in the specifications; and the contract itself provides that the plaintiff agreed "to furnish and install all material and labor necessary to put in place," etc. Not disputing the contention of respondent that the intention of the parties as expressed in the contract must govern, and that in the absence of express provision in the contract the plans and specifications cannot add to the terms of the contract, it seems clear to us that these principles have no application to the case. There being no evidence tending to show that the waterproofing was not a process customarily and usually included in the work of ornamental plastering, this fact and the specifications taken together fairly convey the inference that the waterproofing was a part of the work which the plaintiff agreed to do.

The judgment is reversed and the trial court is directed to enter judgment, on the agreed case as stipulated, in favor of the plaintiff, for the sum of $15.96, without interest and without costs; appellant to have judgment for his costs of this appeal.

Shaw, J., and James, J., concurred.